Helen A. Hedrick *et al. v.* A. D. Daly, *Trustee, et al.*

(No. 7127)

Submitted May 17, 1932.    Decided June 7, 1932.

*Carl C. Sanders,* for appellants.
*R. F. Dunlap* and *W. A. Brown,* for E. N. and Lucy Farley.
*A. D. Daly,* for National Bank of Summers et al.

Litz, Judge:

This is a suit in chancery in which plaintiffs seek to have set aside a sale of real estate under a deed of trust.    From a decree dismissing the bill, plaintiffs appealed.

The trust deed was executed in 1924 to secure the several indorsers on five separate notes aggregating $5,812.00.    It provides that upon default in the payment of any of the notes, the trustee shall sell the property when requested by any of the indorsers.    Upon the request of the National Bank of Summers, the holder of one of the notes, in the sum of $2,000.00, the trustee advertised the sale of the property for July 19, 1930.    This sale was enjoined by plaintiffs, who then entered into a written contract with the National Bank

of Summers, T. H. Lilly, as indorser on one of the notes, in the sum of $2,700.00, held by First National Bank of Hinton, and Z. V. Burks, holder of another of the notes, in the sum of $500.00, agreeing to a sale of the property by the trustee, September 20, 1930, without further advertisement, in event of their failure to pay the three notes. The trustee out of precaution readvertised the sale for September 20, 1930. Although no payment had been made on any one of the three notes, upon the representation of plaintiffs, or someone for them, that they were negotiating a loan with which to pay the notes in full, the trustee, on that day, continued the sale to September 24th. On September 24th, September 27th and October 8th, respectively, the sale was continued upon like representations. On October 8th, the continuance was to October 15th. Each continuance was announced orally from the front door of the courthouse by the trustee, and was also marked on the notice of sale there posted. On October 14th, the trustee served plaintiffs with written notice that the property would be sold on the following day. It was accordingly sold to defendant, E. N. Farley, at the price of $6,450.00. One of the plaintiffs witnessed the sale from across the street without protest and received from the trustee, and used, a check for $915.35, the balance from the proceeds of the sale after paying the debts secured by the trust deed and costs of sale.

Plaintiffs take the position that none of the holders of the notes nor the indorser, Lilly, ever requested the trustee to sell, and that the trustee therefore sold without authority. This position overlooks entirely the agreement of July 25, 1930, which in effect was a demand of payment by the holders, a request of the indorser to sell, and a waiver by plaintiffs of the provisions in their favor in the trust deed.

Plaintiffs charge that the National Bank of Summers and the trustee dissuaded a prospective indorser on a note of $2,000.00 for a loan to plaintiffs to satisfy the First National Bank of Hinton, and that the National Bank of Summers also violated its promise not to permit the sale pending negotiations for loans to plaintiffs to discharge their indebted-

ness under the trust deed. Both charges are denied, and the ruling of the trial chancellor exonerates the bank and the trustee.

The plaintiffs say that the notices of the several continuances of the sale were ineffective; that it was not generally known that the sale would be made on October 15th; and that Farley was the sole bidder present. They produced a Mr. Meadows who testified he was interested in purchasing the property and would have attended the sale, and bid up to $9,000.00, had he been advised of the time. He further stated, however, that plaintiff, Helen A. Hedrick, had said to him several times she "would guarantee" to let him know when the property went to sale. He was depending on her and not on further notice from the trustee. She received definite word from the trustee on October 14th that the property would be sold the next day. She did not communicate that information to Meadows. So, plaintiffs are now in no position to complain because he did not attend the sale.

The plaintiffs in their bill did not offer to restore the purchase money to Farley. He has proposed to reconvey the property upon the prompt return of his money with interest and some taxes paid by him. The plaintiffs refused to do this, but offered to return him all but the commission of the trustee on the sale, amounting to $138.00. Farley did not accept the counter proposition. He was within his legal rights in refusing the offer, as the trustee was entitled to commission.

We find no error in the cause, and affirm the decree, subject to the following conditions: As Farley is willing to waive the benefit of his purchase and plaintiffs insist that they are aggrieved because the day of sale was not sufficiently advertised; in order to prevent any possible injustice, we will set aside the decree provided the plaintiffs within thirty days from the time the mandate is received by the circuit court of Summers county repay to Farley the full sum expended by him for the property, including taxes, with interest, and also to pay the entire costs of this proceeding both here and in the circuit court, including a reasonable fee to Farley's attorneys.

*Affirmed on condition.*